IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIFFANY L. POLLITT and BRIAN C. CAMP, SR.** *INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF BRIAN C. CAMP, JR.*, **Plaintiffs,** <br><br> v <br><br> **WEXFORD HEALTH SOURCES, INC., MOHAMMAD ALI** *M.D.*, **THERESA PATASKI**, *LPN,* **JENNIFER HARR** *LPN ,* **DENISE LAYTON** *LPN,* **BARBARA CURRIER** *RN,* **DONALD GRAHAM** *CRNP and* **ED POLESKI** *LPN* <br> **Defendants.** | 1:13-cv- 82 |

## MEMORANDUM ORDER

Now pending is the MOTION TO COMPEL DEPOSITIONS AND RESPONSES TO WRITTEN DISCOVERY (ECF No. 46) filed by Plaintiffs. The motion has been exhaustively briefed (ECF Nos. 49, 50, 51, 54) and is ripe for disposition.

This case arises out of the death of an unborn child, allegedly due to inadequate medical care while the mother was incarcerated in the Westmoreland County Prison. There are numerous discovery disputes which counsel have proven unable to resolve amongst themselves. The disputes will be addressed seriatim. In the Court's view, there is room for substantial improvement in professionalism and courtesy on both sides. The Court recognizes that its resolution of the disputed issues may impose inconvenience on counsel for each side. Counsel remain free – indeed, they are encouraged – to amicably resolve the outstanding disputes in advance of the dates set forth in this Memorandum Order.

1. Deposition Scheduling

The parties have been attempting to schedule and complete depositions since March 2014. Plaintiff has the right to take the deposition of each of the ten individual employees of Wexford Health Sources, Inc. and also a 30(b)(6) deposition.[1]  In accordance with the Rules of Civil Procedure, Plaintiff shall describe with reasonable particularity the matters for examination in the proposed 30(b)(6) deposition forthwith. Such description may be supplemented within five (5) days of the receipt of Defendants' discovery responses.

Unless otherwise agreed by counsel, the depositions shall be conducted in the United States Courthouse in Pittsburgh, PA, 15219  The depositions of Wexford employees and representative(s) shall commence on November 3, 2014, from 9:00 a.m. to 4:00 p.m., in the sequence identified by Plaintiff, and shall continue until all are completed. Plaintiff's counsel shall provide such sequencing and an estimated length of each deposition to defense counsel and the Court on or about October 6, 2014. After the depositions requested by Plaintiff have been concluded, Defendants shall then take the deposition of Plaintiff Tiffany Pollitt.

2. Responses to Interrogatory #15 and Document Requests 3, 4 and 25 (first set)

Defendants shall supplement their response to Interrogatory #15 by setting forth the address, telephone number and position of each individual identified, and a description of the Medical Advisory Committee. Defendants shall produce the entire insurance policy, including the policy premium amount, in response to Request #3. Defendants shall produce Wexford's financial statements from 2008-2012 in response to Request #4, as such information may later be relevant to Plaintiffs' claim for punitive damages. *See Grosek v. Panther Transportation, Inc.*,

---

[1] It is the Court's understanding that the depositions of Defendants Layton, Graham, Poleski and Ali have been completed.

251 F.R.D. 162 (M.D. Pa. 2008).    Request #25 is moot because Plaintiff has obtained the relevant contract.  Defendants' refusal to provide an unredacted version of this publicly-available contract is not well-taken.

     3.   Responses to Document Requests (second set) and Protective Order

Defendants are apparently ready, willing and able to produce documents in response to Plaintiffs' second set of requests.  The parties also agree in principle to entry of a protective order.  The dispute appears to involve the scope of the protective order.  Defendants' proposed order will cover all discovery in this case, including the responses discussed above in Section 2 of this Memorandum Order.  The proposed order provides a reasonable mechanism for parties to challenge improper designations of confidentiality.  Counsel are warned that improper designations will be viewed with disfavor by the Court.

Defendants shall amend their proposed Protective Order to designate it as bilateral, *see* ECF No. 49 at 12 n.5.  Defendants shall provide the revised document to counsel for Plaintiffs on or before 12:00 p.m. (noon) on October 2, 2014, and the parties shall then submit a joint order to the Court for entry within on or before October 7, 2014.  Upon entry of the Protective Order, Defendants shall produce the responsive documents on or before 12:00 p.m. (noon) on October 10, 2014.

     4.   Sanctions for Defendant Currier's Refusal to be Deposed

Defendant Currier, and defense counsel, are notified that her refusal to participate in the deposition on August 29, 2014 was unjustified and improper.  Her apparent belief that a particular note is missing from the evidentiary record is not a valid basis to refuse to testify.  The

Court will not impose sanctions at this time. However, the Court will be strongly inclined to award reasonable sanctions and counsel fees if such conduct is repeated.

5. Extension of Discovery Deadline

The discovery deadline is extended until November 15, 2014. No other case management deadlines shall be modified.

In accordance with the foregoing, the MOTION TO COMPEL DEPOSITIONS AND RESPONSES TO WRITTEN DISCOVERY (ECF No. 46) is **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED, this 29th day of September, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **John F. Mizner, Esquire**
Email: jfm@miznerfirm.com
**Joseph M. Kanfer, Esquire**
Email: jmk@miznerfirm.com

**Paula A. Koczan, Esquire**
Email: pkoczan@wglaw.com
**Samuel H. Foreman, Esquire**
Email: sforeman@wglaw.com